UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

– *against* –

JOHNNY NUNEZ,

Defendant.

**OPINION & ORDER**

20-cr-239

RAMOS, D.J.:

On January 15, 2021, Johnny Nunez pleaded guilty to possessing a firearm in a school zone, in violation of 18 U.S.C. § 922(q), and conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 and 841(b)(1)(D).  Doc. 55.  On November 5, 2021, the Court sentenced Nunez to 60 months of imprisonment and three years of supervised release.  *Id.*

Thereafter on October 18, 2022, Nunez filed a motion for return of seized property pursuant to Federal Rule of Criminal Procedure 41(g).  Doc. 60.  Specifically, Nunez moved for the return of various cell phones seized by the New York City Police Department ("NYPD") during his arrests in June 2019 and November 2019.  *Id.*  The Government responded that it does not oppose Nunez' request.  Doc. 62.

I.      **Legal Standard**

Rule 41(g) provides that a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Fed. R. Crim. P. 41(g).  "Rule [41(g)] recognizes that the federal courts have equitable jurisdiction to order the return of property."  *Bertin v. United States*, 478 F.3d 489, 492 (2d Cir. 2007).  A Rule 41(g) motion brought after the criminal proceedings have ended is treated as a civil equitable action.  *Diaz v. United States*, 517 F.3d 608, 610 (2d Cir. 2008); *see also United States v. Corley*, No. 13 Cr. 48 (AJN), 2020 WL 4676650, at *13 (S.D.N.Y. Aug. 11, 2020) (citing *Lavin v. United States*, 299 F.3d 123, 127 (2d Cir. 2002)).  However, "[a]n order requiring the return of property under Rule 41(g) 'is an equitable remedy that is available only when there is no adequate remedy at law and the equities

favor the exercise of jurisdiction.'" *United States v. Alvarez-Estevez*, 671 F. App'x 834, 835 (2d Cir. 2016) (quoting *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006)).

"[T]o prevail on a Rule 41(g) motion, the moving party must demonstrate that:  '(1) [the party] is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended.'" *Corley*, 2020 WL 4676650, at *13 (quoting *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 311 (S.D.N.Y. 2018), *reconsideration denied*, 2019 WL 1460216 (S.D.N.Y. Jan. 10, 2019)).  Yet, after the conclusion of a criminal proceeding, "the evidentiary burden for a Rule 41(g) motion shifts to the Government because there is a presumption that the person from whom the property was allegedly taken has a right to its return." *Id.* at *14 (citing *Santos v. United States*, No. 04 Civ. 9716 (JFK), 2005 WL 637427, at *1 (S.D.N.Y. Mar. 17, 2005)).  The government may rebut the presumption "by proving it has a legitimate reason for retaining the property[.]" *Id.* (citing *Santos*, 2005 WL 637427, at *1).  Therefore, a Rule 41(g) motion "may be denied if 'the government's need for the property as evidence continues.'" *United States v. Estime*, No. 19 Cr. 711 (NSR), 2020 WL 6075554, at *16 (S.D.N.Y. Oct. 14, 2020) (quoting *Podlog v. United States*, No. S2 92 Cr. 374 (JFK), 1996 WL 403029, at *1 (S.D.N.Y. July 18, 1996), aff'd, 108 F.3d 1370 (2d Cir. 1997)); *see also* Fed. R. Crim. P. 41(g), 1989 Advisory Committee's Notes ("If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable.").

## II.    Analysis

Nunez moved for the return of two cell phones:  (1) a gray iPhone seized from his person in June 2019, and (2) a gold Samsung Galaxy phone seized from his person in November 2019.  Doc. 60 at 1.  The record reflects that the cell phones belong to Nunez and are not contraband.  *See* Docs. 60, 62; *Corley*, 2020 WL 4676650, at *13.  Accordingly, Nunez' request hinges on the third Rule 41(g) factor, namely, whether the Government's need for the property has ended.  *Id.*

The Government does not oppose the request and provides Nunez with instructions for obtaining his property.  *See generally* Doc. 62.  It also clarifies that a total of three cell phones were

2

seized from Nunez: one in June 2019, and two in November 2019. *Id.* However, the Government indicates its belief that only the phone seized in June 2019, the gray Apple iPhone, is available for recovery.[1] *Id.* at 1; *see generally Diaz v. United States*, 517 F.3d 608, 611–13 (2d Cir. 2008) (noting that the district court can only order the return of property that is in the hands of the Government).

The Court finds that a Rule 41(g) order is appropriate here. Critically, the Government does not oppose Nunez' request. *Id.* Accordingly, because "the government's need for the property as evidence has ended," Mr. Nunez is entitled to the return of that property. *United States v. Figueroa*, No. 22 Mag. 4490 (ER), 2022 WL 2873226, at *2 (S.D.N.Y. July 21, 2022) (citation and internal quotation marks omitted).

In its responsive letter, the Government provides Nunez with instructions for obtaining the gray Apple iPhone seized in June 2019. Doc. 62. It provides the following:

> For Nunez to have a family member recover the phone, that person must go to the NYPD Bronx Property Clerk and present (1) a letter from this Office stating the property can be released because it is no longer needed for evidence, which this Office is providing as an attachment to this letter; and (2) a notarized letter from Nunez, as the owner of the phone, identifying the family member to pick up the property and expressly authorizing that person to retrieve it.

*Id.* at 1. Additionally, despite its belief that the two phones seized in November 2019 are no longer available to be recovered, the Government also provides instructions for obtaining those phones in the event that they remain in the custody of the NYPD. *See id.* at 2–3.

### III.   Conclusion

For the foregoing reasons, Nunez' motion for the return of seized property is GRANTED. Nunez may proceed to follow the instructions laid out by the Government in order to recover his property. *See* Doc. 62.

---

[1] The two phones seized in November 2019 were apparently auctioned through PropertyRoom.com, "which is part of the NYPD's ordinary course of handling of property that is left in the NYPD's long-term custody." Doc. 62 at 2.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 60, and to mail a copy of this Opinion and Order to Nunez at the following address:

Johnny Nunez # 87526-054
Federal Correctional Institution Cumberland
P.O. Box 1000
Cumberland, MD 21501

      IT IS SO ORDERED.

Dated:    November 4, 2022

       New York, New York

_____

EDGARDO RAMOS, U.S.D.J.